**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.**

KENNETH F HACKETT & ASSOCIATES, INC.
on behalf of itself and all others similarly situated,

    Plaintiff,

v.

GE CAPITAL INFORMATION TECHNOLOGY
SOLUTIONS, INC. D/B/A IKON FINANCIAL
SERVICES,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff, Kenneth F. Hackett & Associates, Inc. ("Plaintiff"), hereby sues for itself and all others similarly situated, the Defendant GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services ("IKON" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of persons or entities nationwide against Defendant, who has uniformly breached its Image Management Agreements with Plaintiff and the Class by purposefully overcharging consumers for their Minimum Payment Without Tax.

2. Plaintiff seeks damages suffered as a result of IKON's practices including but not limited to reimbursement for all overcharges levied by IKON.

## **PARTIES, JURISDICTION AND VENUE**

3. Plaintiff is a Florida corporation with its principal place of business in Broward County, Florida and is otherwise *sui juris*. As described more fully below, Plaintiff is a customer of IKON and a member of the Class.

4. Defendant, GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services ("IKON") is a California corporation with its principal place of business in Danbury, Connecticut. At all material times, IKON has done, and continues to do, business in Florida and throughout the nation.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than IKON and the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

6. This Court has jurisdiction over IKON because a substantial portion of the wrongdoing alleged in this Complaint took place in Florida, IKON is authorized to do business here, IKON has sufficient minimum contacts with Florida and/or otherwise intentionally avails itself of the markets in Florida. IKON sells products or services within the state of Florida and in Miami-Dade County, rendering the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this district because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this district and/or IKON is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

8. IKON is exclusively dedicated to supporting the financing needs of its sister entity, IKON Office Solutions ("IOS"). IOS is a leading provider of document management systems and services. IOS integrates copiers, printers and MFP technologies, and document management software and systems, to deliver tailored, solutions, implemented and supported by its team of services professionals. IOS provides on-site and off-site managed services, technical service and support, and customized workflow design and implementation.

9. IKON was created in March 2004 and is a self-proclaimed industry leader with a financial portfolio of more than $3 billion of assets under management. IKON administers more than 200,000 agreements nationwide and originates more than $1.3 billion in new financing on an annual basis.

10. IKON enters into Image Management Agreements ("IMA") with consumers to provide on-site copiers.

11. The lease terms are materially uniform in every IMA. Each IMA sets forth the length of the lease term, the amount of copies per month that are included, and a fixed Minimum Payment Without Tax required for each month of the lease.

12. The Minimum Payment Without Tax is comprised of the lease payment for the hardware (copier) and the payment for a base level of images allowed.

13. Additional charges can occur if the consumer exceeds their copies per month allotment.

14. Further, if an IMA lasts longer than 12 months, IKON, allegedly to cover rising costs, reserves the right to increase the "Cost Per Image" and the "Cost of Additional Images" up

to 5% annually for each year beyond 12 months. Annually, the IMA does not allow the Minimum Payment Without Tax to be increased.

15. Upon information and belief, IKON has breached the IMA with consumers by increasing each and every consumer's fixed Minimum Payment Without Tax by 5%.

16. The systemic increase not only increases the "Cost Per Image" but also the lease component of the Minimum Payment Without Tax. Such an increase of the lease component of the Minimum Payment Without Tax is not allowed under any IMA.

17. IKON's has no justification for the increase. The increases are systemic and uniform.

18. Plaintiff entered into its IMA with IKON in August 2008. A copy of the Image Management Agreement is attached hereto as Exhibit A.

19. The Minimum Payment Without Tax under Plaintiff's contract was $454.85.

20. In September 2009, IKON increased Plaintiff's Minimum Payment Without Tax by 5%. The total Minimum Payment Without Tax now due is $477.59. *See* Comp. Exhibit B.

21. Plaintiff and the Class have been damaged by IKON'S uniform breach of the IMA and seek damages for same.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this case as a class action. Plaintiff seeks certification of a nationwide class of consumers who executed IMAs with IKON for services and whose Minimum Payment Without Tax was increased by IKON from December 2005 to the present. Excluded from this Class are employees, officers, and directors of IKON. As described above, Plaintiff is a member of the class in that it executed an IMA with IKON during the Class Period and had its Minimum Payment Without Tax increased by IKON.

23. This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed class is so numerous that individual joinder of all members is impracticable. While the exact number and identities of the class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that the class numbers in the thousands.

24. The class is readily definable via IKON'S records as IKON should have a record of each consumer's IMA and billing history.

25. Questions of law and fact arise from IKON'S conduct described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members. The myriad questions of law and fact common to the Class include:

   (a) whether the uniform IMA allows IKON to increase the Minimum Payment Without Tax;

   (b) whether IKON had a duty to not increase the Minimum Payment Without Tax for each consumer;

   (c) whether IKON breached the IMA by increasing the Minimum Payment Without Tax;

   (d) whether Georgia law applies to each and every Class Member; and

   (e) whether Plaintiff and the Class have been damaged and the measure of those damages.

26. Plaintiff will fairly and adequately represent and pursue the interests of Class Members. Plaintiff's counsel has vast experience in consumer class action cases. Plaintiff understands the nature of its claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

## COUNT I
## BREACH OF CONTRACT UNDER GEORGIA LAW

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint as though fully set forth in this Count, and further alleges:

28. Plaintiff and each member of the Class entered into uniform IMAs with IKON as set forth above. Under the terms of the IMA, Plaintiff and members of the Class were to lease copiers from IKON and pay a fixed Minimum Payment Without Tax.

29. Under the IMA, the law of the State of Georgia applies to all IMAs.

30. The uniform IMA did not provide IKON with authority to raise the Minimum Payment Without Tax in the manner it did for any Class Member.

31. IKON's uniform practice of increasing Plaintiff and the Class' Minimum Payment Without Tax constituted a material breach of the IMA entered into between IKON and Class.

32. As a direct result of IKON's material breach(es), Plaintiff and the Class suffered actual, compensatory damages.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

   a) Certify this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) and (b)(3).

   b) Enjoin IKON from charging its customers amounts other than contracted for.

   c) Award Plaintiff and the Class compensatory damages and pre- and post-judgment interest.

   d) Award Plaintiff and the Class their attorney's fees, costs and expenses pursuant to the IMA.

   e) Award Plaintiff and the Class such further relief as is appropriate in the interests of justice.

## **DEMAND FOR TRIAL BY JURY**

33. Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

        Respectfully submitted,

        s/ Lance A. Harke
        Lance A. Harke, P.A.
        Florida Bar No. 863599
        lharke@harkeclasby.com
        Howard M. Bushman, Esq.
        Florida Bar No. 0364230
        hbushman@harkeclasby.com
        **HARKE & CLASBY LLP**
        155 South Miami Ave., Suite 600
        Miami, Florida 33130
        Telephone:   (305) 536-8220
        Telecopier:   (305) 536-8229

        -and-

        David R. Chase, Esq.
        Florida Bar No. 967970
        david@davidchaselaw.com
        **DAVID R. CHASE, P.A.**
        1700 East Las Olas Boulevard
        Suite 305
        Fort Lauderdale, FL 33301
        Telephone: (954) 920-7779
        Telecopier: (954) 923-5622

        *Counsel for Plaintiff & Class Members*