**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 10-20715-CIV-ALTONAGA/BROWN**

KENNETH F. HACKETT & ASSOCIATES, INC.
on behalf of itself and all others similarly situated,

       Plaintiff,

v.

GE CAPITAL INFORMATION TECHNOLOGY
SOLUTIONS, INC. D/B/A IKON FINANCIAL
SERVICES, and IKON OFFICE SOLUTIONS,
INC.,

       Defendants.

_____/

## PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

      Plaintiff Kenneth F. Hackett & Associates, Inc. ("Plaintiff"), on its own behalf and on

behalf of all others similarly situated, hereby sues Defendants GE Capital Information

Technology Solutions, Inc. d/b/a IKON Financial Services ("GE Capital") and Ikon Office

Solutions, Inc. ("Ikon") (collectively "Defendants").  Plaintiff brings this action on behalf of

consumers against Defendants for their uniform practice of overcharging them by 5% in breach

of the contracts between consumers and GE Capital and in violation of Florida's Deceptive and

Unfair Trade Practices Act.  As more fully explained below, Plaintiff seeks a declaration that this

practice is illegal, an order enjoining this practice from continuing, and return of the 5% that

class members have been wrongfully charged and paid.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a Florida corporation with its principal place of business in Broward County, Florida and is otherwise *sui juris*.  As described more fully below, Plaintiff entered into an Image Management Agreement with GE Capital in Florida and is a member of the Class.

2.      Defendant GE Capital is a California corporation with its principal place of business in Danbury, Connecticut.  At all material times, GE Capital has done, and continues to do, business in Florida and throughout the nation.

3.      Defendant Ikon Office Solutions, Inc. ("Ikon") is an Ohio Corporation with is principal place of business in Malvern, Pennsylvania.  At all material times, Ikon has done, and continues to do, business in Florida and throughout the nation.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants and the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

5.      This Court has jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in Florida, Defendants are authorized to do business here, Defendants have sufficient minimum contacts with Florida and/or otherwise intentionally avail themselves of the markets in Florida.  Defendants sell products or services within the state of Florida and in Miami-Dade County, rendering the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper in this district because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this district, many key witnesses are located in this district, and Defendants have the means to defend this lawsuit in this district.

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

## FACTUAL ALLEGATIONS

7.     GE Capital provides lease finance and invoicing services for Ikon, a leading provider of document management systems and services nationwide.  Ikon leases copiers, printers and MFP technologies supported by a team of service professionals.

8.      GE Capital was created in March 2004 and is a self-proclaimed industry leader with a financial portfolio of more than $3 billion of assets under management.  GE Capital administers more than 200,000 agreements nationwide and originates more than $1.3 billion in new financing on an annual basis.

9.     GE Capital utilizes a standard form Image Management Agreement ("IMA"), whereby consumers agree to pay for the lease of copiers provided by IKON for a specific period of time at a specific price, referred to as the "Minimum Payment Without Tax."  Plaintiff's IMA is attached to this Complaint as Exhibit A.

10.     The Minimum Payment Without Tax includes the cost to lease the copier, related services, and a guaranteed minimum monthly number of copies.  The IMA also provides for an additional charge per copy if the consumer exceeds their guaranteed minimum monthly copies. *See* Exhibit A.

11.     The IMA further provides that if the term of the agreement is longer than 12 months, GE Capital can increase the "Cost Per Image" and the "Cost of Additional Images" up to 5% annually for the remaining years.

12.     Plaintiff and the class members do not pay a "Cost Per Image."  Instead, they pay a fixed price for a "bundle" which includes lease of the copier, related services, and a set amount of copies.  Plaintiff and class members pay that set price, referred to as the Minimum Payment

Without Tax," regardless of the number of copies they actually make under the minimum guarantee.

13.     The IMA contains a box to identify the "Cost Per Image" and that box is left blank since class members are not paying a cost per image, they are paying a fixed price for a guaranteed minimum number of copies and the copier machine.  *See* Exhibit A.

14.     Despite the fact that Plaintiff and class members do not pay a "Cost Per Image" and the IMA does not provide for any increase to the Minimum Payment Without Tax, GE Capital, with high level direction from Ikon, uniformly increases the Minimum Payment Without Tax by 5% after the first year of the agreement.

15.     Plaintiff entered into its IMA with GE Capital in August 2008.  *See* Exhibit A. Plaintiff agreed to pay a Minimum Payment Without Tax of $454.85 per month for a period of 60 months.  This payment included the lease of a copier, services related to the copier, and 15,000 minimum guaranteed copies.  *Id.* at ¶14.  ("In return for the Minimum Payment, you are entitled to use the number of Guaranteed Minimum Monthly/Quarterly/Other Images.")

16.     In September 2009, Defendants increased Plaintiff's Minimum Payment Without Tax by 5%.  The total Minimum Payment Without Tax that was charged to and paid by Plaintiff was $477.59.  *See* Comp. Exhibit B.

17.     In the event all payments are not made, each IMA provides for the immediate seizure and repossession of the leased copier, as well as an acceleration provision for the immediate payment of all future payments.  Exhibit A at ¶11.

18.     Specifically, each IMA contains the following paragraph found in plaintiff's IMA:  "If you do not pay any amount within thirty days of its due date . . . we are entitled to all past due payments and we may accelerate and require you to immediately pay us the future

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

payments due under the Agreement. . . .We may repossesses the Equipment and pursue you for any deficiency balance after disposing [sic] the Equipment, all to the extent permitted by law. You waive the rights you may have to notice before we seize any of the Equipment."

19.     Thus, plaintiff and class members are faced with a Hobbesian choice to either pay the additional 5% (a relatively small amount of the monthly payment) or face the crippling effect of having their copier immediately removed from their  businesses and having to suddenly pay all future amounts due under the IMA.

20.     Plaintiff and Class members have been forced to pay the illegal 5% increase in order to prevent the immediate seizure of leased property so vital to business operations.

21.     The immediate seizure and repossession of the leased copier -- without any notice whatsoever -- would constitute a hardship and be oppressive to class members, who need copiers for their business to function.  Further, the immediate acceleration of all future amounts due would be an incredible financial hardship and be oppressive, as opposed to paying a small, albeit illegal increase, in the monthly copier charge.

22.     GE Capital, with the knowledge and agreement of Ikon, regularly exercises its rights under paragraph 11 of the IMA, and has immediately seized leased equipment from customers under this paragraph without any notice, and has sought to recover thousands of dollars in accelerated future payments.  Indeed, GE Capital has elected to file over 40 collection actions in Miami-Dade, Palm Beach, and Broward counties, as well as brought similar claims in federal courts all across the nation.

23.     Ikon is the entity that presents the IMA to customers on a nationwide basis through field representatives of Ikon in a standard form that was developed and is, from time to time, modified by GE Capital and Ikon.

24.     Ikon's high level personnel were instrumental in the formulation, invoicing, and pricing of the IMA, including the increases thereto.

25.     Ikon directed GE Capital to uniformly increase consumers' Minimum Payment Without Tax in clear violation of the IMA.

26.     At all material times, Ikon was aware of the IMA and its terms.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action against Defendants pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and all other persons similarly situated.  Plaintiffs seek to represent the following classes:

**Class I:**   **Nationwide Monetary and Injunctive Class as to GE Capital**

All individuals or entities in the United States, who after March 9, 2004, executed a standard multi-year IMA with GE Capital in which they agreed to pay a Minimum Payment Without Tax, where the Cost Per Image was not enumerated, and where the Minimum Payment Without Tax was increased.

**Class II:**   **Florida Monetary and Injunctive Class as to both Defendants**

All individuals or entities in Florida, who after March 9, 2006, executed a standard multi-year IMA with GE Capital in which they agreed to pay a Minimum Payment Without Tax, where the Cost Per Image was not enumerated, and where the Minimum Payment Without Tax was increased.

Excluded from this Class are employees, officers, and directors of GE Capital and Ikon.

28.     As described above, Plaintiff is a member of the class in that it executed a standard multi-year IMA with GE Capital in which it agreed to pay a Minimum Payment Without Tax and not a Cost Per Image, and was charged an increase of 5% in 2009.

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

29.     This action is proper for class treatment under Rules 23(b)(1)(B), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed class is so numerous that individual joinder of all members is impracticable.  While the exact number and identities of the class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that the class numbers in the thousands.

30.     The class and the amount of damages are readily definable via GE Capital's billing records.

31.     GE Capital has acknowledged that the IMA is a standard form agreement that is used nationwide.

32.     The following common questions of law and fact arise from Defendants' conduct and predominate over any questions affecting only individual Class members:

> a.  whether the uniform IMA allows Defendants to increase the Minimum Payment Without Tax;
>
> b.  whether GE Capital breached the IMA in violation of Georgia law by increasing the Minimum Payment Without Tax;
>
> c.  whether Georgia's voluntary payment doctrine applies to Plaintiff and Class members' breach of contract claim;
>
> d.  whether Defendants' conduct violates Florida's Deceptive and Unfair Trade Practices Act; and
>
> e.  whether Plaintiff and the Class have been damaged and the measure of those damages.

33.     Plaintiff will fairly and adequately represent and pursue the interests of Class Members.  Plaintiff's counsel have extensive experience in consumer class action cases.

Plaintiff understands the nature of its claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

## COUNT I
## BREACH OF CONTRACT UNDER GEORGIA LAW
### (Against GE Capital on Behalf of Class I)

34.     Plaintiff re-alleges paragraphs 1 through 33 of the Amended Complaint as though fully set forth in this Count, and further alleges:

35.     Plaintiff and each member of the Class entered into uniform IMAs with GE Capital as set forth above.  Under the terms of the IMA, Plaintiff and members of the Class agreed to pay a fixed Minimum Payment Without Tax that included lease of the copier, related services and a minimum guaranteed number of copies.

36.     The uniform IMA did not provide GE Capital with authority to raise the Minimum Payment Without Tax for any Class Member.   Yet GE Capital increased that payment by 5% after the first year for all Class members.

37.     GE Capital's uniform practice of increasing Plaintiff and the Class' Minimum Payment Without Tax constituted a material breach of the IMA entered into between GE Capital and the Class.

38.     Plaintiff and the Class paid the illegal increase to prevent an immediate seizure of the copier and acceleration of payments under the IMA.

39.     As a direct result of GE Capital's material breaches, Plaintiff and the Class suffered actual, compensatory damages.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO 28 USC § 2201
### (Against GE Capital on Behalf of Class I)

40.     Plaintiff re-alleges paragraphs 1 though 33 as if fully set forth herein.

41.     This is a claim for Declaratory Judgment pursuant to 28 USC §2201.

42.     There is a real, immediate continuing controversy between Plaintiff and the Class and GE Capital. Specifically, it is GE Capital's position that it is within its rights under the IMA to increase the Minimum Payment Without Tax by 5% each year, and GE Capital is in fact increasing such payments and demanding an increased payment from Plaintiff and the Class. Plaintiff does not believe that the IMA allows GE Capital to raise the Minimum Payment Without Tax during the term of the IMA.

43.     Plaintiff and the Class have suffered actual and/or threatened injury as a result of GE Capital increasing the Minimum Payment Without Tax.  Specifically, due to the very real threat of the immediate seizure of the copier and acceleration of tens of thousands of dollars in lease payments, Plaintiff and the Class have been coerced into paying the increased amounts.  In addition, Plaintiff and the Class will continue to face the demand to pay these increased amounts throughout the term of the IMAs.

44.     A decision favorable to the Plaintiff and the Class, determining that the IMA does not allow GE Capital to increase the Minimum Payment Without Tax, would redress the injury and/or threatened injury the Plaintiff and the Class have suffered.

**COUNT III**
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(Against GE Capital and Ikon on behalf Class II)**

45.     Plaintiff re-alleges paragraphs 1 though 33 as if fully set forth herein.

46.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201 – 501.2101.

47.     FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct of "any trade or commerce" are

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

unlawful.  Fla. Stat. § 501.204.  Under FDUTPA, "trade or commerce" is defined to include

advertisement or solicitation relating to any "thing of value."  Fla. Stat. § 501.203(8).

48.     Plaintiff and the class members are "persons," as defined and construed under

FDUTPA (Fla. Stat. §§ 501.201 – 501.213).

49.     Defendants' conduct as alleged herein occurred in the conduct of trade and/or

commerce.

50.     Plaintiff and Class members were injured in Florida, are located in Florida, and

entered into their IMA in Florida.

51.     Defendants agreed to and undertook a scheme whereby: (1) GE Capital uniformly

and deceptively claims that it is entitled to an increase in the consumers' Minimum Payment

Without Tax by 5% after the first year of the IMA without any contractual authority; (2)

Defendants justify doing so with the pretext that they are increasing the Cost Per Image when

consumers are not in fact paying a Cost Per Image; and (3) Defendants do so with the threat that

if this illegal payment is not made, the copiers will be repossessed and the payments due under

the IMA will be accelerated; and (4) Ikon directed GE Capital to uniformly increase consumers'

Minimum Payment Without Tax in clear violation of the IMA.  This scheme is deceptive, unfair,

oppressive and violates Florida law.

52.     Defendants' scheme is intended solely to increase their own profits at the

consumer's detriment.  Defendants have profited from their uniform deceptive and unfair

practices, in that they have illegally collected and continue to collect 5% more per year than

owed from class members.

53.     Plaintiff and the class members suffered actual damages as a result of Defendants'
deceptive, unfair, and oppressive trade acts.

54.     Defendants should be enjoined from continuing their deceptive, unfair, and
oppressive conduct described above pursuant to Fla. Stat. § 501.211(1).

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

a)      Certify this action as a class action under Federal Rule of Civil Procedure
        23(a) and (b)(2) and (b)(3) with Plaintiff as a Class Representative and
        undersigned counsel as class counsel;

b)      Enjoin Defendants from increasing the fee it charges pursuant to the form
        IMA where the customer agreed to a Minimum Payment Without Tax that
        includes the copier and a guaranteed minimum amount of copies, and the
        Cost Per Image in not enumerated;

c)      A Declaratory Judgment pursuant to 28 USC § 2201 declaring that GE
        Capital cannot raise the Minimum Payment Without Tax pursuant to the
        IMA;

d)      Award Plaintiff and the Class actual and/or compensatory damages and
        pre- and post-judgment interest;

e)      Award Plaintiff and the Class their attorney's fees, costs and expenses
        pursuant Fla. Stat. § 501.2105.

f)      Award Plaintiff and the Class such further relief as is appropriate in the
        interests of justice.

**DEMAND FOR TRIAL BY JURY**

55.     Plaintiff, individually and on behalf of all others similarly situated, hereby
demands a jury trial on all claims so triable.

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

Respectfully submitted,


s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone:      (305) 536-8220
Telecopier:     (305) 536-8229

-and-

David R. Chase, Esq.
Florida Bar No. 967970
david@davidchaselaw.com
**DAVID R. CHASE, P.A.**
1700 East Las Olas Boulevard
Suite 305
Fort Lauderdale, FL 33301
Telephone: (954) 920-7779
Telecopier: (954) 923-5622

*Counsel for Plaintiff & Class Members*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.


*s/ Lance A. Harke*

12

CASE NO. 10-20715-CIV-ALTONAGA/BROWN

## SERVICE LIST

**ASTIGARRAGA DAVIS MULLINS &**
**GROSSMAN, P.A.**
Jose I. Astigarraga
Florida Bar No. 263508
Edward M. Mullins
Florida Bar No. 863920
Annette C. Escobar
Florida Bar No. 369380
701 Brickell, 16th Floor
Miami, Florida 33131
(305) 372-8282 - Telephone
(305) 372-8202 – Facsimile

*Attorneys for Defendant*

*Served Via CM/ECF Transmission*